Filed 2/27/14  P. v. Marin CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JUAN CARLOS MARIN,<br><br>  Defendant and Appellant. | B250017<br><br>(Los Angeles County<br>Super. Ct. No. BA209741) |

APPEAL from an order of the Superior Court of Los Angeles County, Clifford Klein, Judge.  Affirmed.

Juan Carlos Marin, in pro. per.; Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Appellant Juan Carlos Marin was convicted of murder with an allegation that he personally discharged a firearm. (Pen. Code, §§ 187, subd. (a), 12022.53, subd. (d).) In August 2002, Marin was sentenced to state prison for a term of 50 years to life, and ordered to pay a victim restitution fine of $10,000.00. (Pen. Code, § 1202.4.)

In April 2013, Marin, acting pro. per., filed a petition seeking to modify the order, relieving him of the obligation to pay a $10,000 restitution fine. (Pen. Code, § 1202.4.) Marin argued that, in imposing the mandatory restitution fine, the trial court erred in setting the maximum amount of $10,000 based on the erroneous assumption that he would be able to pay the fine from funds earned during his incarceration or, based on his employment history, after his release. He also asserted that, prior to sentencing, he raised the issue of his inability to pay a $10,000 fine out of anticipated prospective earnings with his trial counsel, who told him the argument would not sway the trial court and refused to raise the assertion on his behalf.

In its minute order, the trial court observed that, under Penal Code section 1202.4, subdivision (g), an inability to pay does not constitute a "compelling and extraordinary reason to waive the order." Further, in cases in which a fine greater than the minimum statutory amount is imposed, the defendant bears the burden at the sentencing hearing to demonstrate an inability to pay. If, as was the case here, a defendant fails to do so, it is statutorily presumed the defendant has the ability to pay. Marin's petition was denied. Marin timely appealed that denial.

We appointed counsel to represent Marin on appeal. After examination of the record, Marin's counsel filed an opening brief raising no issues, and asking this court to independently review the record. On September 13, 2013, we advised Marin he had 30 days within which to personally submit any contentions or issues he wished us to consider. At Marin's request, we later extended that time to November 10, 2013. Marin filed a supplemental brief on November 14, 2013, in which he alleges ineffective assistance of counsel at trial and on appeal.

Marin argues he is an undocumented Mexican national who, purportedly, has extremely limited proficiency in English and a poor work history having earned only

2

intermittent, minimal wages.  As such, Marin argues his trial counsel had a duty to inform him that he could have made a personal plea to the trial court as to why it should not impose a restitution fine, or at least should impose only a minimal fine, rather than discouraging him from raising the issue at all.  Marin also accuses his appellate counsel of transgressions for failing to file a brief to address the issue of ineffective assistance of counsel.

The Supreme Court has "summarized defendant's burden [on such claims] as follows:  '" In order to demonstrate ineffective assistance of counsel, a defendant must first show counsel's performance was 'deficient' because his 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms.' [Citations.]  Second, he must also show prejudice flowing from counsel's performance or lack thereof.  [Citation.]  Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'"  [Citation.]  [¶]  Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel [citation], and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'  [Citation.]"  (*People v. Lucas* (1995) 12 Cal.4th 415, 436–437.)

Marin's assertion that the trial court would have imposed a lesser restitution fine but for error by his trial counsel was considered and appropriately rejected by the trial court.  Marin also grounds his assertion of trial counsel error in an alleged language barrier and Marin's purported inability to understand his legal rights or responsibilities.  But that claim relates to matters outside the record and, thus, is not cognizable on appeal. (*People v. Williams* (1988) 44 Cal.3d 883, 917, fn. 12 ["The scope of an appeal [based on a claim of ineffective assistance of counsel] is, of course, limited to the record of the proceedings below"]; see also *People v. Smith* (2007) 40 Cal.4th 483, 507.)  Marin's ineffective assistance claims fail.

We have independently reviewed the entire record and are satisfied that Marin's counsel fully complied with his responsibilities and that no arguable issues exist.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, Acting P. J.


MILLER, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.